UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIORI JOHNSON-TUCKER and KAWAN TUCKER, SR., Individually, and as Parents and Legal Guardians of K.T. an infant, and ANISA TUCKER,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　　-against-<br><br>LOYOLA SCHOOL, TONY OROSZLANY, President, JAMES LYNESS, Principal, BRIDGET CINTRON, assistant, DANIEL SULLIVAN, Dean of Students, FRANCIS BUCKLEY-LAWSON, teacher, YESENIA FERRAN, teacher, MARY CHRISTINE ANDREWS, faculty, JACQUES JOSEPH, Dean of Students, KEVIN MARTINEZ, office administrator, SUNITA MEYERS, teacher, DAVID PALLADINO, girls basketball coach, ABBY MCCLAIN, guidance counselor, MARY ANN LYNCH-MINSON, faculty, JALMA GUEVARA, security officer,<br><br>　　　　　　　　　Defendants. | 23-CV-1351 (JGLC)<br><br>**NOTICE OF REASSIGNMENT** |

JESSICA G. L. CLARKE, United States District Judge:

　　This case has been reassigned to the undersigned. Unless and until the Court orders otherwise, all prior orders, dates and deadlines shall remain in effect notwithstanding the case's reassignment, including ECF. Nos. 37 and 49, except that the pre-motion conference scheduled for **November 29, 2023** at **4:20 p.m.** is hereby rescheduled for **November 28, 2023** at **11:00 a.m.** The conference will held before Judge Clarke via Microsoft Teams. Additionally, by October 15, 2023, the parties shall submit a joint status letter as outlined in Individual Rule 3(d) of the Court's Individual Rules and Practices. **All counsel must familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke.**

　　It is hereby ORDERED that no later than **August 8, 2023**, the parties shall file on ECF a joint letter, described below, updating the Court on the status of the case. The joint letter shall not exceed five pages, and shall provide the following information in separate paragraphs:

　　1.　Names of counsel and current contact information, if different from the information currently reflected on the docket;

　　2.　A brief statement of the nature of the case and/or the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

4. A statement of all existing deadlines, due dates and/or cut-off dates;

5. A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7. A statement and description of any pending appeals;

8. A detailed statement of any discovery that has already taken place, including how many depositions each party has taken and what, if any, discovery remains that is necessary for the parties to engage in meaningful settlement negotiations;

9. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;

11. An estimate of the length of trial; and

12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the deadline, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for extensions or

adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) to the extent applicable, the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that a conference has been adjourned, it will be held as scheduled.

Dated: August 1, 2023
      New York, New York

                                        SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge