UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIORI JOHNSON-TUCKER, et al.,

Plaintiffs,

-against-

LOYOLA SCHOOL, et al.,

Defendants.

23-CV-1351 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiffs' motion for leave to file a Second Amended Complaint

pursuant to Federal Rule of Civil Procedure 15. ECF No. 80. For the reasons stated below,

Plaintiffs' motion is GRANTED.

## BACKGROUND

Plaintiffs bring this civil rights action seeking a declaratory judgment, injunction and

damages, alleging that they were subject to discrimination and retaliation based on their race. *See*

ECF No. 43. The initial complaint was filed on February 16, 2023. ECF No. 1. On April 20,

2023, the Court granted a 45-day extension of each standard discovery deadline, per Defendants'

request. ECF No. 32. Plaintiffs filed a First Amended Complaint on May 23, 2023, ECF No. 43,

and on July 6 and 7, 2023, Defendants moved for judgment on the pleadings. ECF Nos. 54, 57.

Plaintiffs now move to amend their Complaint a second time in order to add a claim against

Defendants under Title VI of the Civil Rights Act of 1964 for discrimination by an educational

program receiving federal financial assistance, ECF Nos. 80–81, which Defendants oppose. ECF

No. 82. Plaintiffs filed this motion in accordance with the deadline set under the Court's

scheduling order. ECF No. 79.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699 (MKV), 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (citation and internal quotation marks omitted). Whether to grant or deny leave is "within the sound discretion of the trial court." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). The Supreme Court has instructed, however, that leave should be denied upon a showing of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Cruz v. Southerton*, No. 21-CV-06410 (NSR), 2023 WL 8810144, at *7 (S.D.N.Y. Dec. 20, 2023) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)).

Granting Plaintiffs' leave to amend will not unduly prejudice Defendants. "In gauging whether a proposed amendment would prejudice a party, [the Court] consider[s], among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Carroll v. Trump*, 88 F.4th 418, 431 (2d Cir. 2023).

Here, Defendants argue that they are prejudiced by Plaintiffs' delay in filing the current motion. *See* ECF No. 82 ("Defs. Opp.") at 2–3. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."

*Block*, 988 F.2d at 350 (quotation omitted). Nothing in the record suggests that Plaintiffs acted in bad faith regarding the timing of their motion. To the contrary, Plaintiffs only learned of the new facts underlying their Second Amended Complaint on November 27, 2023, and filed the instant motion on December 1, 2023, the date of the deadline to amend. ECF No. 81 ("Pls. Mem.") at 2. This sequence does not indicate that Plaintiffs are "acting in bad faith or with a dilatory motive." *See In re Winstar Commc'ns Jefferson Ins. Co. of N.Y. v. Rouhana*, No. 01-CV-11522 (GBD), 2006 WL 473885, at *2 (S.D.N.Y. Feb. 27, 2006). Nor have Defendants demonstrated that the amended pleading would cause undue prejudice by requiring them to expend significant additional resources.

Defendants' primary argument against granting leave to amend is that Plaintiffs' amendment would be "futile" as to the proposed Title VI claim. Defs. Opp. at 1–2. However, arguments about the merits of claim "are better suited for consideration in the context of a motion to dismiss" as opposed to a motion for leave to amend. *Env't Sols. Assocs*, 2021 WL 2075586, at *2. As such, the Court declines to engage in a detailed futility analysis at this time. *See id.* Instead, the Court "must simply determine that the proposed claims are colorable and not frivolous." *Winstar Commc'ns*, 2006 WL 473885, at *2. Here, Plaintiffs allege that (1) Defendant Loyola received federal funds, ECF No. 81-1 ¶ 185, (2) its leadership knew about, and were deliberately indifferent to, the alleged discriminatory and harassing conduct against Plaintiffs, *id.* ¶¶ 188–200, and (3) Plaintiffs were denied certain benefits and opportunities provided by the school as a result of the alleged discrimination and harassment, *see, e.g., id.* ¶ 136. Without analyzing whether the Second Amended Complaint would survive a motion to dismiss, the Court concludes that the claim does not appear frivolous and is consistent with the elements required to

allege to support this claim. *See DT v. Somers Cent. Sch. Dist.,* 588 F. Supp. 2d 485, 493

(S.D.N.Y. 2008) (stating the elements of a hostile educational environment claim under Title VI).

The Court finds no compelling reasons to deny Plaintiffs' motion for leave to amend their

Complaint as their additional claims are not futile and Defendants will suffer no prejudice.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend is GRANTED. The Court

DENIES Defendants' pending motions for judgment on the pleadings as moot (ECF Nos. 54,

57), but GRANTS Defendants leave to amend and re-file the motions after Plaintiff has filed its

amended complaint. *See Env't Sols. Assocs*, 2021 WL 2075586, at *1 ("Where a plaintiff seeks to

amend its complaint while a motion to dismiss is pending, a court may [] deny the pending

motion to dismiss as moot . . . ."). The Clerk of Court is respectfully directed to terminate the

motions at ECF Nos. 54, 57 and 80.

Dated: January 25, 2024
      New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

4