

# THE COCHRAN FIRM

ONE EXCHANGE PLAZA
55 BROADWAY – 23rd FLOOR
NEW YORK, NEW YORK 10006
TELEPHONE: (212) 553-9215
FAX: (212) 227-8763

Writer's direct dial (212) 553-9120

September 13, 2024

**VIA CM/ECF**
Hon Jessica G. L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 20C
New York, NY 10007

**MEMO ENDORSED**

    RE:   *Johnson-Tucker, et al v. Loyola, et al..*
           Case No.: 23-cv-1351

Dear Judge Clarke:

    I am counsel of record for Plaintiffs in the above-referenced action. I write to request leave to file the billing records requested by the Court in its August 14, 2024 Order, and my declaration regarding the billing records, *ex parte* and under seal. The records identify, in multiple places, confidential attorney/client communications, litigation strategy and privileged work product. Defendants have no objection to this motion.

    The common law right of public access to judicial documents is firmly rooted in our nation's history. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice. United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).

    Courts have long declined to allow public access simply to cater "to a morbid craving for that which is sensational and impure." United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995). The nature and degree of injury that one serves to suffer by public disclosure of sensitive information plays a role as well. Id. "This entail[s] consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the

information." In this regard, "Pursuant to Federal Rule of Civil Procedure 26(c), the Court may issue a protective Order allowing documents to be filed under seal upon a showing of good cause." Excellent Home Care Servs., LLC v. FGA, Inc., 2017 WL 4838306, at *6 (E.D.N.Y. Oct. 24, 2017) citing In re Agent Orange Prod. Liability Litig., 821 F.2d 139, 145 (2d Cir. 1987).

"Under federal common law, attorney fee arrangements, including the general purpose of the work performed, are not generally protected from disclosure by the attorney-client privilege. However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, ..., fall within the privilege." Diversified Grp., Inc. v. Daugerdas, 304 F. Supp. 2d 507, 514 (S.D.N.Y. 2003) *See also* Riddell Sports, Inc. v. Brooks, 158 F.R.D. 555, 560 (S.D.N.Y. 1994). "[A]ttorney billing statements are subject to the attorney-client privilege to the extent that they reveal more than client identity and fee information." Ehrich v. Binghamton City Sch. Dist., 210 F.R.D. 17, 23 (N.D.N.Y. 2002).

Accordingly, Plaintiffs respectfully pray for an order directing that the filing of Plaintiffs' attorneys' billing records requested by the Court in its August 14, 2024, Order, as well as the accompanying declaration, be filed *ex parte* and under seal.

Respectfully submitted,

　/s/ Derek S. Sells　　　
Derek S. Sells, Esq.

This letter-motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 110 and seal ECF No. 111. Access is restricted to attorneys appearing for the parties and court personnel.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: September 17, 2024
　　　　New York, New York